Opinion of the Court,
THIS, is an appeal from a decree of the court below, ordering the appellants to convey to the appellee their legal title to the land in contest, derived under a claim adverse to that under which the appellee asserts the superior equity.
The appellant, who was complainant in that court, relying on the validity of an entry for 1000 acres, made in the name of Jacob Brown, attempted to deduce his equity under that entry, by conveyances alleged to have been made under a power of attorney from heirs of Jacob Brown, since his decease.
Part of the appellants answered, not admitting the equity asserted by the appellee, but putting him upon the proof of every fact necessary to support his claim ; and the other appellants, being non residents and failing to answer the bill, it was taken for confessed against them, after publication in the manner required by law.
As respects the appellants who answered the bill, it is utterly impossible to sustain the decree ; for admitting the validity of the entry of Brown, the appellee can have no right to a decree against those holding the legal title, without showing that the persons under whom he claims are the legal heirs of Brown, and there is not in the record a scintilla of evidence conducing to show who are Brown’s heirs.
1. Nor do we suppose the decree can be sustained against such of the appellants as failed to answer the bill. If there had been no answer by either of the appellants, the allegations of the bill, after being taken for confessed, might be sufficient to authorise a decree against all; but after an answer by any denying the equity asserted by the appellee, and putting him on the proof of his allegations, without proving his equity, *53 the appellee can have no relief decreed against any of the appellants, as was held by this court in the case of Harrison’s heirs vs. Deremiah. &c. 2 Bibb 349.
The decree must, therefore, be reversed with costs, the cause remanded and the bill dismissed with costs.