Mr. Justice JohnsoN delivered the opinion of the Court. This was a bill filed to set aside a sale of land for fraud. The fraud complained of consisted in certain promises which were charged to have been made by the defendant Harrington, to the complainants’ agent, that in case he would not bid for the land, but would permit him to become the purchaser, he would give a reasonable time for its redemption, and further that the defendant Nix purchased the same land of Harrington with a knowledge of the justice of the complainant’s claim. The answer of Harrington admits that aspecified time was given by him for the complainant to redeem the land by the payment of his entire debt and also all the expenses of the sale, &c., but he positively denies that he either paid or offered to pay the same within the time specified, and further that he made no promises to prevent any person from bidding for the property at the time of his purchase. This answer is opposed by the testimony of a single witness, and that, too, without the aid of any corroborating circumstances, indeed it is very questionable whether, even admitting the testimony in its fullest force, it could have availed the complainant, as all that he claimed was a reasonable time to redeem, and although a long time had elapsed, he utterly failed to show that he had made any effort to pay the debt and to avail himself of his privilege. We are satisfied, however, from the proof as presented by the record, that the essential allegations of the bill were not sustained, and that therefore the decree was properly rendered in favor of Harrington. Harrington having succeeded upon his answer, which went to the entire equity of the bill, it is clear that no decree could be taken against Nix, and that consequently the decree is right in giving costs to both defendants. The cases of Harrison's heirs v. Dererniah, (2 Bibb., p. 349) and Cunningham's heirs v. Steele, (1 Litt. 52,) are directly in point. In the former of which cases the court said “It was contended that the Circuit Coui't should have decreed against the defendant,Friend, against whom the bill had been taken for confessed. It is a general rule in suits at law that if one defendant plead to the whole cause of action and the other suffers judgment to go by default, if a verdict be in favor of the plea judgment shall be entered for both defendants. From analogy, the rule must be the same in chancery. The sufficiency of the complainant’s claim was put in issue by the answer of one of the defendants, who holds under the same claim with Friend. Their equity being defective the court did right in dismissing the bill as to all the defendants.” And in the latter, the same court said “Nor do we suppose the decree can be sustained against such of the appellants as failed to answer the bill. If there had been no answer by either of the appellants, the allegations of the bill, after being taken for confessed, might be sufficient to authorize a decree against all, but after an answer by any, denying the equity asserted by the appellee and putting him on the proof of his allegations, without proving his equity, the appellee can have no relief decreed against any of the appellants, as was held by this court in the case of Harrison's heirs v. Dererniah, 2 Bibb. 349. The two cases referred to are directly in point, and are believed to be based upon sound principles. The decree of the Circuit Court of Arkansas county, herein rendered, is in all things affirmed.